# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:10-CR-247** |
| v. : | **(Judge Conner)** |
| **ALLEN ROBERTS, JR.** : | |

## **ORDER**

AND NOW, this 28th day of February, 2011, upon consideration of the correspondence (Doc. 62) from defendant Allen Roberts, Jr. ("Roberts"), wherein Roberts requests: (1) that the court review the grand jury transcripts in the above-captioned case; (2) that he be permitted to appeal the court's conclusion at the *ex parte* hearing on removal of counsel (Doc. 57) that he has not shown good cause for the removal of counsel and the appointment of new counsel; (3) that the court conduct an evidentiary or exclusionary hearing to inspect physical evidence; and (4) that the court hold a Franks hearing, see Franks v. Delaware, 438 U.S. 154 (1978) (holding that a hearing shall be held at the defendant's request when a defendant makes a substantial preliminary showing that a an affiant in a search warrant affidavit made a false statement knowingly and intentionally, or with reckless disregard for the truth, and the allegedly false statement is necessary to the finding

of probable cause),[1] and it appearing that Roberts is represented by counsel but filed the instant motion without assistance therefrom, see United States v. D'Amario, 268 F. App'x 179, 180 (3d Cir. 2008) ("The Constitution does not confer a right to proceed simultaneously by counsel and pro se . . . ."); see also United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3d Cir. 2006), it is hereby ORDERED that the correspondence (Doc. 62) is CONSTRUED as a motion for review of grand jury transcript,[2] to appeal the court's conclusion on good cause at the removal of counsel

---

[1] Roberts also raises concerns regarding the dates of entries on the docket sheet in the above-captioned matter. Docket entries one through seven were filed on September 1, 2010, but not entered onto the docket until September 2, 2010, and docket entry fifteen was filed September 7, 2010, but not entered until September 8, 2011. (Doc. 62, at 3-4). Roberts asserts that it is necessary to review the grand jury minutes to show the time of day that the indictment was returned and determine whether it could have been entered into the docket on September 1, 2010, because if the indictment was filed on September 2, 2010, then, according to him, the indictment and the arrest warrant are invalid. (Doc. 62, at 3). The court finds such an inquiry regarding the date of entry on the docket irrelevant. Documents one through seven were filed on September 1, 2010. The indictment and the warrant were issued and valid on September 1, 2010. The same is true for docket entry fifteen, the detention order. It was signed, stamped and dated September 7, 2010. When the court entered them onto the docket is of no consequence.

Roberts also raises questions as to why there are no numbers for the two docket entries subsequent to docket entry seven. (Doc. 62, at 4). Numbers next to docket entries correspond to documents entered and viewable on the docket. The entries immediately subsequent to docket number seven are entries made by the court that are unrelated to any documents in the above-captioned case, such as the calendaring of a hearing. There is nothing unusual about this; it is simply how docket sheets in the Middle District of Pennsylvania are formatted.

[2] The court notes that there is a currently pending motion (Doc. 45) for disclosure of grand jury transcripts filed by counsel for Roberts.

hearing,³ for evidentiary or exclusionary hearing, and for <u>Franks</u> hearing, and is DENIED without prejudice to Roberts' right to re-file the motion with the assistance of counsel or at such time that the court grants Roberts permission to proceed *pro se* in the above-captioned matter.

                <u>S/ Christopher C. Conner</u>
                CHRISTOPHER C. CONNER
                United States District Judge

---

³ As to Roberts' request that he be permitted to appeal the *ex parte* hearing on removal of counsel held by this court on February 18, 2011, (<u>see</u> Doc. 62, at 5), the court notes that the hearing has been continued to March 18, 2011 to allot time for Roberts to obtain private counsel. (Doc. 55). Thus, the court has not entered an order on the issue of removal of counsel. More importantly, the court notes that an order denying a request for removal of court-appointed counsel is not an appealable order as it is not a final decision or judgment in the case. <u>See</u> 28 U.S.C. § 1291 (stating that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States"). To the extent there has been a mis-communication, the court clarifies that Roberts may appeal the above-captioned matter at the conclusion of all proceedings before this court.