# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-247** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ALLEN ROBERTS, JR.** | : | |

## ORDER

AND NOW, this 5th day of October, 2011, upon consideration of the two motions, both entitled "Petition for Writ of Habeas Corpus" (Docs. 126, 127), filed by *pro se* defendant Allen Roberts ("Roberts") pursuant to 28 U.S.C. § 2241, wherein Roberts appears to challenge the legality of his arrest and the detention hearing held on September 7, 2010,[1] and alleges: (1) that arrest warrant was defective (Doc. 126, at 1-2, 5; Doc. 127, at 1); (2) that he was unlawfully stopped and arrested (Doc. 126, at 2-3; Doc. 127, at 1-2); (3) that there was insufficient evidence to support an indictment and that the matter was never presented to a qualified grand jury (Doc. 126, at 3, 5; Doc. 127, at 3-4); (4) that the government altered and/or fabricated evidence and the grand jury transcript provided to Roberts (Doc. 126, at 4-5; Doc. 127, at 4-6), and is engaging in selective or vindictive prosecution (Doc. 126, at 4; Doc. 127, at 6-7); and (5) that his court-appointed counsel were ineffective (Doc. 127,

---

[1] Despite their title, both motions are docketed as motions for reconsideration. The motions are not properly brought under 28 U.S.C. § 2241 or as motions for reconsideration. The validity of an arrest warrant is properly challenged through a motion to suppress, and motions to suppress are currently pending before the court. (See Docs. 43, 111, 112). With respect to any request for reconsideration of the September 7, 2010 detention hearing, the court notes that Magistrate Judge Smyser held a bond hearing on November 30, 2010 and denied Roberts' request for bond. (See Doc. 30).

at 2, 6), and it appearing that a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 may be utilized to challenge the fact or duration of confinement, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir. 2002), or the execution of an inmate's sentence, see Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (citing Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)), and that to obtain relief pursuant to § 2241, an inmate must show that he is being held "in violation of the Constitution or law or treaties of the United States," 28 U.S.C. § 2241, but that the inmate must first exhaust his administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, see Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241."),[2] and it appearing that federal criminal charges are currently pending against Roberts, and that Roberts is not challenging the duration of his confinement, but instead raises issues that will be appropriately addressed through the suppression hearing scheduled to commence at 10 a.m. on October 17, 2011 (see Doc. 134), the pending motion to dismiss for vindictive prosecution (Doc. 136), and trial on the merits, and the court finding that § 2241 petitions "should not be

---

[2] Exhaustion is required for three reasons: (1) it facilitates judicial review by allowing the appropriate agency to develop a factual record and to apply its expertise; (2) it conserves judicial resources; and (3) it fosters administrative autonomy by providing agencies the opportunity to correct their errors. Garcia v. Gonzalez, Civ. No. 3:CV-07-0047, 2007 U.S. Dist. LEXIS 8420, at *3 (M.D. Pa. Feb. 6, 2007) (citing Moscato, 98 F.3d at 761-62).

entertained where the applicant has an available alternative forum in which to assert his defenses to federal criminal charges," Mustapha v. Donate, No. 4:08-CV-1875, 2008 WL 4861508, at *2 (M.D. Pa. Oct. 30, 2008) (citing Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 185 (3d Cir. 2006)), and the court concluding that the § 2241 petitions are not the proper vehicle for Roberts' challenges, and that Roberts has invoked through other motions the proper mechanisms to assert his claims, (see Docs. 43, 111, 112, 136); see also Mustapha, 2008 WL 4861508, at *2 (finding that ongoing criminal proceedings present an available and adequate forum in which to raise defendant's arguments), it is hereby ORDERED that the motions entitled "Petition for Writ of Habeas Corpus" (Docs. 126, 127) are DISMISSED.[3]

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

[3] The court notes that should Roberts be convicted of the charges against him, his remedy is to pursue a direct appeal to the Third Circuit, followed by collateral relief pursuant to 28 U.S.C. § 2255.